United States District Court
Southern District of Texas
**ENTERED**
January 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES SIMMONS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-3301 |
| | § | |
| UBS FINANCIAL SERVICES INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This employment case is before the Court on the Motion to Dismiss [Doc. # 10] filed by Defendant UBS Financial Services Inc. ("UBS"), to which Plaintiff James Simmons filed a Response [Doc. # 11], and UBS filed a Reply [Doc. # 12]. Having reviewed the record and the applicable legal authorities, both binding and persuasive, the Court **grants** the Motion to Dismiss.

## **I.    BACKGROUND**

Plaintiff sells life insurance. From 2011 until August 2015, Plaintiff was an employee of UBS. In August 2015, Plaintiff became an employee of Defendant Prelle Financial Group, Inc. ("Prelle"). *See* Complaint, ¶ 7. As a employee of Prelle, Plaintiff worked as a third-party wholesaler of life insurance to clients of UBS.

Plaintiff's daughter, Jo Aldridge, was an employee of UBS. She made an internal complaint of pregnancy discrimination and, in December 2015, filed a charge

of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See id.*, ¶ 8. Plaintiff alleges that UBS began to "take adverse actions" against him. *See id.*, ¶ 9. In February 2017, Prelle told Plaintiff that he could not work at UBS offices, but could continue to work for Prelle. *See id.*, ¶ 16. Plaintiff "elected not to continue working for Prelle" and, in March 2017, filed an EEOC Charge. *See id.*, ¶¶ 16-17.

On August 30, 2019, Plaintiff filed this lawsuit against Prelle and UBS. Plaintiff asserts a Title VII retaliation claim against both Defendants, and a claim against Prelle for unpaid commissions. UBS filed its Motion to Dismiss, arguing that Plaintiff lacks standing to assert a Title VII retaliation claim against it because he was neither an employee of UBS or an applicant for employment with the company. The Motion to Dismiss has been fully briefed and is now ripe for decision.

**II.     TITLE VII STANDING**

In addition to having Article III standing, a plaintiff must have Title VII standing to assert a Title VII claim. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177-78 (2011); *White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 2017 WL 3925328, *2 (N.D. Tex. Sept. 7, 2017). A party has standing under Title VII when the injured person "falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint."

*Thompson*, 562 U.S. at 177. The Supreme Court held that this standard for Title VII standing excludes "plaintiffs who might technically be injured in an Article III sense but whose interests are unrelated to the statutory prohibitions in Title VII." *Id*. at 178. The Supreme Court noted that "the purpose of Title VII is to protect *employees* from *their employers'* unlawful actions." *Id.* (emphasis added).

In *Thompson*, the plaintiff was an employee of the defendant. *See Thompson*, 562 U.S. at 172. His employer fired him after his fiancé, also an employee of the defendant, filed an EEOC charge alleging sex discrimination. *See id.* The Supreme Court, noting that Title VII makes it an unlawful employment practice "for an employer" to retaliate against "any of his employees," and noting that the plaintiff had been an employee of the defendant at the time of the alleged retaliation, held that the plaintiff had Title VII standing to assert the retaliation claim against the defendant. *See id.* at 172, 178.

In a concurring opinion in *Thompson*, Justice Ginsburg, joined by Justice Breyer, added "a fortifying observation" -- that the EEOC Compliance Manual prohibits retaliation "against someone so closely related to or associated with the person" engaging in protected activity. *See id.* at 179. "Such retaliation 'can be challenged,' the Manual affirms, 'by both the individual who engaged in protected

activity and the relative, *where both are employees*.'" *Id.* (quoting EEOC Compliance Manual § 8-II(B)(3)(c)) (emphasis added).

In this case, however, it is undisputed that Plaintiff was not an employee of UBS at the time his daughter filed her charge of pregnancy discrimination with the EEOC or at the time of the alleged adverse actions against Plaintiff. The Supreme Court in *Thompson* did not hold that a *non-employee* has standing to sue for retaliation based on protected activity by a third-party employee of the defendant. The law in the Fifth Circuit remains that, absent an employment relationship **between the plaintiff and the defendant**, the plaintiff lacks standing to bring a Title VII retaliation claim.[1] *See Thompson*, 562 U.S. at 178; *White Glove Staffing*, 2017 WL 3925328 at *2; *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) ("To maintain a claim under Title VII, the plaintiff must demonstrate an 'employment relationship' between the plaintiff and the defendant"); *Baker v. Aetna Life Ins. Co.*, 228 F. Supp. 3d 764, 770 (N.D. Tex. 2017) ("In the Fifth Circuit, to recover under Title VII, a plaintiff must have an employment relationship with the

---

[1] Plaintiff cites two unpublished district court cases from Alabama and Florida, which allow a Title VII retaliation claim by a non-employee against a relative's employer. *See* Response, pp. 6, 8 (citing *Tolar v. Cummings*, 2014 U.S. Dist. LEXIS 111448 (N.D. Ala. 2014), and *McGhee v. Healthcare Servs. Grp.*, 2011 U.S. Dist. LEXIS 20897 (N.D. Fla. 2011)). These two non-binding decisions are inconsistent with the clear language in *Thompson* and with binding Fifth Circuit authority cited herein. Therefore, the Court finds them unpersuasive.

defendant"). Therefore, Plaintiff lacks Title VII standing to assert a retaliation claim against UBS in this case. The Motion to Dismiss is granted.

## III. <u>CONCLUSION AND ORDER</u>

Plaintiff at the time of the alleged retaliation was neither an employee of, nor an applicant for employment with, UBS. As a result, Plaintiff lacks Title VII standing to assert a retaliation claim against UBS, and it is hereby

**ORDERED** that UBS's Motion to Dismiss [Doc. # 10] is **GRANTED**. All claims against UBS are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the initial conference is **RESCHEDULED** to **1:00 p.m.** on **January 23, 2020**.

SIGNED at Houston, Texas, this **6th** day of **January, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE